# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA ALBANY DIVISION

**Willis T. West**
      **Plaintiff,**

vs.                                              CASE NO.:

**Southern AG Carriers, Inc.**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Willis T. West, ("Plaintiff"), was an employee of Defendant, Southern AG Carriers, Inc., ("Defendant"), and brings this action for unpaid overtime compensation, retaliation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA").

2. Plaintiff, Willis T. West, was an employee for Southern AG Carriers from July 2009 through September 2015. Mr. West performed the duties of Breakdown Coordinator for Defendant in Dougherty County, Georgia from September 2012 through September 2015.

3. Defendant, Southern AG Carriers, Inc., is a Georgia corporation that operates and conducts business in, among others, Dougherty County, Georgia, and is therefore within the jurisdiction of this Court.

4.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5.     This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6.     At all material times relevant to this action (2012-2015), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

7.     At all material times relevant to this action (2012-2015), Defendant made gross earnings of at least $500,000.00 annually.

8.     At all material times relevant to this action (2012-2015), Defendant employed at least two employees who handled goods such as supplies, parts and equipment that previously moved through commerce.

9.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

10.    During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

11.    Further, during his employment with Defendant, Plaintiff would not receive

full pay or credited hours for time he was expected to remain "on call."

12. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendant.

## COUNT I- RECOVERY OF OVERTIME COMPENSATION

13. Plaintiff reincorporates and readopts all allegations within Paragraphs 1-12 above.

14. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

15. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

16. Further, during his employment with Defendant, Plaintiff would not receive full pay or credited hours for time he was expected to remain "on call."

17. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

18. Specifically, Defendant was aware that Plaintiff performed non-exempt job duties, but still refused to pay Plaintiff overtime hours for hours worked over forty

(40). Exhibit A (Email from Debbie Powell to Willis West, Re: Quick Question (Sep. 24, 2015)).

19. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

20. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## **COUNT II- RETALIATION PROHIBITED BY THE FLSA**

21. Plaintiff reincorporates and readopts all allegations within Paragraphs 1-20 above.

22. In or around September 2015, Plaintiff complained to his employer regarding the illegal pay practices, and gave two weeks' notice of resignation.

23. The employer responded by immediately terminating Plaintiff's employment effective September 28, 2015.

24. Pursuant to 29 U.S.C. § 215(a)(3) it is unlawful for any person "to discharge or in any other matter discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 U.S.C. 201 et seq.]."

25. The Eleventh Circuit recognizes that an unofficial complaint to a supervisor regarding illegal pay practices is protected activity, and that the employer may not

retaliate for such activity. *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir. 1989).

26.     The termination of Plaintiff's employment was retaliation as defined and prohibited under the FLSA, and Plaintiff suffered damages due to the Defendant's unlawful action.  29 U.S.C. § 215(a)(3).

27.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

Dated this 26th day of July, 2016.

/s/ **ADIAN R. MILLER**
Adian Miller,
GA Bar No. 794647
Morgan & Morgan, P.A.
191 Peachtree Street NE
Suite 4200
Atlanta, GA 30312
Telephone: (404) 496-7332
Facsimile: (404) 496-7428
Email: ARMiller@forthepeople.com
Attorneys for Plaintiff