IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIS T. WEST, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE NO: |
| v. : | 1:16-CV-00134 (WLS) |
| : | |
| SOUTHERN AG CARRIERS, INC. : | |
| : | |
| Defendant. : | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS WITH PREJUDICE**

COMES NOW Southern Ag Carriers, Inc. (hereinafter, "Defendant"), and hereby notifies the Court that the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice.  As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

**FACTUAL BACKGROUND**

1.  Plaintiff filed his Complaint on or about July 26, 2016 in the Middle District of Georgia. [Doc. 1].  Therein, Plaintiff seeks overtime compensation under the Fair Labor Standards Act ("FLSA").  Plaintiff also sought overtime compensation for time while "on call" and remedy for retaliatory discharge.

2.  On August 15, 2016, Defendant filed its Answers & Affirmative Defenses to the Complaint [Doc. 4], in which it, *inter alia* (a) denied that Plaintiff worked any hours, including overtime hours, for which he was not compensated; (b) asserted that Plaintiff was subject to an exemption from the FLSA; (c) denied that Plaintiff's voluntary resignation was contrary to the FLSA's anti-retaliation provisions;  and (d) asserted that Plaintiff's claims for overtime and liquidated damages could not be sustained because any acts or omissions giving rise to this action were done in good

faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

3.     Defendant filed its motion for summary judgment on November 17, 2017. [Doc. 31]. In part, Defendant asked the Court to find, as a matter of law, that Plaintiff was exempted from the FLSA by the Motor Carrier Act ("MCA").  On April 27, 2018, this Court entered its Order granting-in-part and denying-in-part Defendant's Motion for Summary Judgment.  [Doc. 47]

4.     The Court found that material issues of fact remained as to Plaintiff's exemption from the FLSA by the MCA.  Further, the district court granted summary judgment in favor of Defendant as to Plaintiff's claims for compensation for on-call time and for retaliation.  Summary judgment was denied as to Plaintiff's claims for unpaid overtime compensation for any uncompensated hours actually worked and for liquidated damages.  Id.

5.     Counsel for the parties have engaged in extensive settlement discussions regarding Plaintiff's claims.

6.     The parties also exchanged documents and information regarding Plaintiff's claims and Defendant's defenses through the statement of claim and Defendant's response thereto.  The parties additionally exchanged pay records, weekly schedules, pay stubs, and other business records related to the Plaintiff.

7.     After several weeks of negotiations, the parties ultimately reached a resolution of all claims.

8.     Despite agreeing to resolve Plaintiff's claims in this case, Defendant continues to deny that Plaintiff is entitled to additional wages under the FLSA. Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined it preferred to amicably conclude the instant litigation, taking into account the cost and time associated with

the ongoing defense of this case. Additionally, Defendant has taken into account the uncertainty and risks inherent in any litigation.

9.    Plaintiff determined that he preferred to amicably resolve the matter as Defendant agreed to pay Plaintiff a portion of the amount claimed to be owed, including an equal portion for liquidated damages.

10.   The parties agree that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses and make recommendations regarding the resolution of this matter.

11.   The parties' Confidential FLSA Settlement Agreement contains a confidentiality provision as to the terms and conditions of the parties' settlement. Accordingly, the Settlement Agreement is being forwarded to the Court to review *in camera* so that the Court may review the terms for fairness.

## **MEMORANDUM OF LAW**

12.   In agreeing upon their settlement reached herein, the parties agree that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. See 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court reviews the parties' Agreements to determine if they are "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).

13.     At all times material hereto, Plaintiff and Defendant were represented by counsel experienced in the litigation of FLSA claims. Both the terms and conditions of the Confidential FLSA Settlement Agreements and the settlement amounts were the subject of arms-length negotiations. The settlement amounts were based on information learned through the exchange of Court-ordered initial statements of claim, exchange of payroll records, weekly schedules, and paystubs, as well as negotiations between counsel. The parties, therefore, respectfully submit that the Agreement they have entered into represent a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*.

14.     The Parties agree that the lawsuit involves disputed issues.

15.     The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of the claims asserted by Plaintiff.  If the Parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses, which would likely include an appeal of the MCA exemption issue. Therefore, even if the Plaintiff succeeds on the merits of his claims, which would require substantial additional time and exercise of resources by both Parties, the amount of their recovery is uncertain. Because of the nature of Defendant's defenses, the range of recovery in this matter is zero to full damages. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Based on the various issues in dispute and the uncertainty of the outcome of Plaintiff's claims, Plaintiff agrees that the amount he is receiving pursuant to this settlement represents a reasonable compromise.

16. The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. See *Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. See *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. See *Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both Parties stipulate as to the reasonableness of the attorney's fees. *Id*. at 12.

15. Here, the Parties stipulate that the amount allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiff's counsel in prosecuting and ultimately resolving these claims. As such, the Parties submit that the amounts allocated to the Plaintiff and Plaintiff's counsel, represent a fair resolution to this matter that should be deemed to pass judicial scrutiny under *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350.

## CONCLUSION

Based upon the foregoing, Defendant respectfully submits that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, Defendant's request that the Court approve the Parties' settlement as fair and reasonable and dismiss this case with prejudice, accordingly.

Respectfully submitted this 5th day of June, 2018.

Case 1:16-cv-00134-WLS-TQL   Document 59   Filed 06/05/18   Page 6 of 7

*Attorneys for Defendant*
WATSON SPENCE LLP


*/s/ Louis E. Hatcher*
Louis E. Hatcher
Georgia State Bar No.: 337342
*/s/ Alfreda L. Sheppard*
Alfreda L. Sheppard
Georgia State Bar No.: 525106
Post Office Box 2008
Albany, Georgia 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
lhatcher@watsonspence.com
asheppard@watsonspence.com


*/s/ Adian Miller*_____
Adian Rose Miller
Georgia Bar No. 794647
Jaime L. Duguay
Georgia Bar No. 829447
**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E.
Suite 4200
Atlanta, GA 30303
(404) 496-7332 Direct
(404) 496-7428 Fax
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2018, I electronically filed the foregoing *Joint Motion for Approval of the Settlement Agreement* with the Clerk of Court using the CM/ECF system which will give notice to all persons duly registered with the CM/ECF to receive filings in this matter.

                                                WATSON SPENCE LLP
                                                *Attorneys for Defendant*

BY:   /s/ Alfreda L. Sheppard
         Alfreda L. Sheppard
         Georgia State Bar No.: 525106
         Albany, Georgia 31702-2008
         229-436-1545 Telephone
         229-436-6358 Facsimile
         Asheppard@watsonspence.com